NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0504n.06

No. 08-3394

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Jul 21, 2009**
LEONARD GREEN, Clerk

AMADOU ALASSANE LY,

     Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General

     Respondent.

_____/

On appeal from the Board of
Immigration Appeals

BEFORE:    MARTIN, RYAN, and SUTTON, Circuit Judges.

     RYAN, Circuit Judge.     The petitioner, Amadou Alassane Ly, appeals an order of the Board of Immigration Appeals (BIA) adopting and affirming an Immigration Judge's (IJ) denial of Ly's application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). Because substantial evidence supports the IJ's decision, we deny Ly's petition for review.

**I.**

     Ly, a Mauritanian belonging to the Fulani ethnic group, arrived in the United States around March 24, 2004, as a non-immigrant visitor with authorization to remain for six months. On January 17, 2005, Ly applied for asylum with the Department of Homeland Security (DHS), basing his application on race, nationality, political opinion, and membership in the Democratic Union Forces (UFD)/Union of Progress Forces (UFP).

DHS denied Ly's application and later issued a notice to appear, charging Ly with being subject to removal under 8 U.S.C. § 1227(a)(1)(B), for remaining in the United States beyond the permitted time period.

On August 24, 2006, Ly appeared for his hearing before the IJ and testified that he began working for the Mauritanian government in 1984 as a supervisor for quality control of food at the National Center of Hygiene.  As a benefit of his job, he lived in federal housing.

Ly testified that his membership in UFD, and its successor UFP, resulted in two instances of persecution.  First, Ly claimed, he and five others were arrested on June 20, 2003, because the government thought he participated in a coup d'etat.  The government held him in jail, torturing him at least three times a day in an effort to obtain a confession.  Unable to extract a confession from Ly, the government released him on July 6, 2003, but only after forcing him to sign a statement agreeing to cease and desist from all political activities.

The second instance of alleged persecution occurred in March 2004, when Ly and six others were arrested at Ly's home for holding a clandestine meeting and detained for ten days.  According to Ly, the police beat him regularly in an attempt to get him to admit that he was plotting against the government.  Ly claimed that he was released under the condition that he pay a fine and sign an agreement that if he were arrested again, he would be executed.

After the second incident, Ly decided to flee the country.  He traveled to Senegal and remained there from March 15, 2004 until March 23, 2004.  Ly offered into evidence an arrest warrant issued by Mauritanian police, dated March 20, 2004, which stated that

Ly was wanted as an active member of "Action for Change" and that he could be found in the United States.

At the conclusion of the hearing, the IJ denied Ly's applications for asylum, withholding of removal, and CAT protection. The IJ based his decision on the fact that he found Ly's testimony not credible. The IJ did not believe that the government would continue to employ Ly after allegedly imprisoning and torturing him for opposing the government. The IJ noted that, despite the fact that Ly possessed a valid visa to come to the United States during the time of his alleged torture in June or July 2003, he remained in Mauritania for another eight months. Additionally, the IJ found it suspicious that the Mauritanian government issued a warrant for Ly's arrest just days after it had released him in 2004 rather than just keeping him in jail. The IJ also discussed inconsistencies in Ly's testimony regarding the date he joined the UFD/UFP. He noted that the arrest warrant issued in 2004 named the political party Action for Change and not the UFD/UFP, and the warrant stated that Ly could be found in the United States, when in fact he was in Senegal. The IJ found that letters to Ly from his wife and a friend were "very skimpy with respect to any details or facts on the alleged past persecution." Finally, the IJ concluded "that all of these points in the aggregate . . . lead me to make an adverse credibility finding against [Ly]."

On March 27, 2008, the BIA affirmed the IJ's decision, and denied relief. Ly now petitions this court for review.

**II.**

Ly argues that he satisfied his burden of establishing eligibility for asylum, withholding of removal, and protection under CAT, and that the IJ erred in concluding otherwise.

We review the BIA's legal determinations de novo and its factual findings for substantial evidence. Mostafa v. Ashcroft, 395 F.3d 622, 624 (6th Cir. 2005). We will uphold the findings "as long as they are supported by reasonable, substantial, and probative evidence on the record considered as a whole." Id. (internal quotation marks and citations omitted). Where, as here, the BIA affirms the IJ's decision but with additional commentary, we review the IJ's decision directly while also considering the BIA's comments. Gilaj v. Gonzales, 408 F.3d 275, 283 (6th Cir. 2005). Importantly, we may not reverse "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

In order to qualify for asylum, an applicant must establish "a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion" if he were to return to his country of origin. 8 U.S.C. § 1101(a)(42)(A). In order to establish entitlement to withholding of removal, the applicant must demonstrate the higher burden of a "clear probability of persecution." Gumbol v. INS, 815 F.2d 406, 411 (6th Cir. 1987) (internal quotation marks omitted). To establish entitlement to relief under CAT, the applicant must prove "that it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 208.16(c)(2).

An applicant's credible testimony "may be sufficient to sustain the burden of proof without corroboration." 8 C.F.R. § 1208.13(a). On the other hand, implausibilities and

inconsistencies may form a basis for an adverse credibility finding. See Yu v. Ashcroft, 364 F.3d 700, 703 (6th Cir. 2004).

We think substantial evidence supports the IJ's determination that Ly's testimony was not credible, which was the reason for denying Ly's application. The removal hearing transcript and the IJ's oral decision provide adequate support for the BIA's determination. The IJ carefully analyzed Ly's testimony and supporting documents and made detailed findings as to why he made the adverse credibility finding. Ly claims that the IJ based his decision on the IJ's own beliefs, but the record suggests otherwise.

Ly failed to meet his burden of establishing eligibility for asylum. It follows that he cannot meet the higher burden of showing entitlement to withholding of removal and protection under CAT. Ceraj v. Mukasey, 511 F.3d 583, 594 (6th Cir. 2007).

We conclude that substantial evidence supports the IJ's denial of Ly's application.

**III.**

The petition for review is **DENIED**.